### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*<br><br>-vs-<br><br>WILLIE D. FIELDS,<br>*Defendant* | §<br>§<br>§     SA-11-CR-00973-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

On this date the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation in the above-numbered and styled case, filed October 12, 2023 (ECF No. 225) concerning Defendant Willie D. Fields's pro se motion to modify the conditions of his supervised release (ECF No. 220).

Defendant is currently serving a 5-year term of supervised release pursuant to an Agreed Order Revoking Supervised Release. *See* ECF No. 202 (Agreed Order). Defendant's motion seeks relief from an agreed condition of supervised release requiring him to reside in a halfway house until January 2024, at which time he will transition to another living situation for the remainder of his term of supervision. Judge Farrer held a hearing on the motion on October 12, 2023. Defendant, proceeding pro se, and counsel for the Government were present.

At the hearing, Judge Farrer heard from Defendant, his Probation Officer currently supervising him on supervised release, and counsel for the Government. Defendant argued that modification was warranted because the halfway-house condition placed an onerous burden on him and his family, financially and otherwise. The Government opposed the requested modification, noting that the halfway-house condition was imposed in January 2023 based on Defendant's previous violations of the initial conditions of supervised release. *See* ECF No. 202

(Agreed Order Revoking Supervised Release); *see also* ECF No. 190 (Amended Probation Form 12C). The Probation Officer stated that continued residence at the halfway house would be in Defendant's best interest, as it provides an opportunity for Defendant to operate in a more structured environment as he transitions into the final four and a half years of less-structured supervised release remaining on his post-revocation sentence.

Based on this testimony, Judge Farrer concluded that continued imposition of a condition requiring residence in a halfway house was warranted, and thus recommended that Defendant's motion to modify the conditions of his release be denied. *See* ECF No. 225 at 2 (citing FED. R. CRIM. P. 32.1(c); 18 U.S.C. § 3583; U.S.S.G §5.D1.1 & 5D1.3(b) (2001); ECF No. 202 (Agreed Order Revoking Supervised Release)).

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on October 12, 2023, and received on October 17, 2023. ECF Nos. 225, 226. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation, and Defendant Willie

D. Fields's *pro se* motion to modify the conditions of his supervised release (ECF No. 220) is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's report and recommendation, and Defendant Willie D. Fields' pro se motion to modify the conditions of his supervised release (ECF No. 220) is **DENIED**.

It is so **ORDERED**.

SIGNED this November 6, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE